# Exhibit A

## CONFIDENTIAL SETTLEMENT AGREEMENT AND RELEASE

**NOW**, this __4__ day of May, 2021, __Zachary and Andrea__ ("_____") on the one hand, and  Jeffrey Scott Larson ("Larson") on the other hand, (collectively the "Parties").

WHEREAS, "INVESTOR" purchased _____shares in Zona Energy, Inc. from _____Richard Richman_____ for $____ per share for a total purchase price of _____. _____. ; and

WHEREAS INVESTOR learned of the existence of Zona Energy, Inc. from Larson, and INVESTOR understood that Larson was not recommending an investment in Zona Energy, Inc. nor was Larson acting as a financial advisor to INVESTOR relating INVESTOR's purchase of shares in Zona Energy, Inc.; and

WHEREAS INVESTOR is also aware that Larson purchased approximately _____ shares for approximately $_____ dollars in Zona at a price per share less than INVESTOR paid, however, INVESTOR did not consider or ask what Larson paid in making the decision to purchase; and

WHEREAS, INVESTOR wishes to release Larson and the companies with which he is affiliated from any and all potential liability relating to the investment;

intending to be legally bound, and in consideration of the mutual covenants and other good and valuable consideration set forth herein below, do hereby agree as follows:

1. Purchase Payment.  In consideration of promises contained herein and the execution of this Confidential Settlement Agreement and Release ("Agreement"), agrees to pay INVESTOR ____$_____ over the following schedule:

    1. Payment Due June 1st, 2021

2. Mutual Release.  In consideration of the Parties' mutual desire to avoid litigation, and other good and valuable consideration, the receipt and sufficiency of which is hereby acknowledged, INVESTOR, on the one hand, hereby releases Jeffrey Scott Larson, Arete Wealth Advisors. LLC, Arete Wealth Management, LLC, and each of their past, present and future agents, representatives, shareholders, members, managers principals, attorneys, affiliates, parent corporations, subsidiaries, officers, directors, employees, predecessors and successors and heirs, executors and assigns, from any and all legal, equitable or other claims, counterclaims, demands, setoffs, defenses, contracts, accounts, suits, debts, agreements, actions, causes of action, sums of money, reckoning, damages, judgments, findings, controversies and disputes, and any past, present or future duties, responsibilities, or obligations, whether known or unknown, including, but not limited to, those claims that may arise relating to Zona Energy, Inc.  Jeffrey Scott Larson, on the other hand, hereby release INVESTOR, his past, present and future agents, representatives, attorneys, heirs, executors and assigns, from any and all legal, equitable or other claims, counterclaims, demands, setoffs, defenses, contracts, accounts, suits, debts, agreements, actions, causes of action, sums of money, reckoning, damages, judgments, findings, controversies and disputes, and

Confidential Treatment Requested
NY_01554

DocuSign Envelope ID: 349CEA52-8E7A-41A1-9B86-1AAA9814AD20

R172286

any past, present or future duties, responsibilities, or obligations, whether known or unknown.

Notwithstanding the foregoing, this Release does not apply to claims for the enforcement of this Agreement.

3. <u>Confidentiality.</u> The Parties agree that the terms of this Agreement shall be kept confidential and shall not be disclosed to any third-party at any time unless otherwise required by process of law. Moreover, this Agreement and its terms shall not be used or disclosed in any other legal or arbitration proceedings except to enforce the provisions of this Agreement. Nothing herein shall prohibit the Parties from disclosing the underlying facts or nature of this dispute, this Agreement, or the terms and conditions of this settlement should such disclosure be required (i) for the preparation of their respective tax returns, (ii) to enforce the terms and conditions of this Agreement and of the settlement reached between the Parties, (iii) to respond to any inquiry, or provide testimony, about this settlement or its underlying facts and circumstances by, or before, the FINRA or any other SRO, or any other federal or state regulatory authority, or (iv) to obtain the advice of their respective legal counsel. Any non-disclosure provision in this Agreement does not prohibit or restrict any party or party's attorney from initiating communications directly with, or responding to any inquiry from, or providing testimony before, FINRA or any other self-regulatory organization or any other state or federal regulatory authority, regarding this settlement or its underlying facts or circumstances.

4. <u>Non-Disparagement.</u> The Parties agree that they will not disparage or defame any other Party, any of the Party's current employees, directors, officers, agents, or contractors, or Claimant's management or services.

5. <u>Compromise.</u> This Agreement and the mutual releases contained herein effect the compromise and settlement of disputed and contested claims and nothing contained herein shall be construed as an admission by any Party hereto of any liability of any kind to any other Party.

6. <u>Binding Effect.</u> This Agreement is binding upon and shall inure to the benefit of the Parties hereto and their respective heirs, legatees, representatives, successors, transferees, and assigns.

7. <u>Amendments; Waivers.</u> This Agreement may not be modified, amended, or terminated except by an instrument in writing, signed by each of the Parties affected thereby. No failure to exercise and no delay in exercising any right, remedy, or power under this Agreement shall operate as a waiver thereof, nor shall any single or partial exercise of any right, remedy, or power under this Agreement preclude any other or further exercise thereof, or the exercise of any other right, remedy, or power provided herein or by law or in equity.

8. <u>Entire Agreement.</u> All agreements, covenants, representations and warranties, express or implied, oral or written, of the Parties hereto concerning the subject matter hereof are contained herein. No other agreements, covenants, representations or warranties, express or implied, oral or written, have been made by any Party hereto to any other Party concerning the subject matter hereof. All prior and contemporaneous conversations, negotiations, possible and alleged agreements, representations, covenants, and warranties concerning the subject matter hereof are merged herein.

9. <u>Drafting.</u> The drafting and negotiation of this Agreement have been participated in by each of the Parties, and for all purposes this Agreement shall be deemed to have been drafted jointly by each of the Parties.

10. <u>Counterparts</u>.  If this Agreement is executed in counterparts, each counterpart shall be deemed an original, and all counterparts so executed shall constitute one Agreement binding on all of the Parties hereto, notwithstanding that all of the Parties are not signatories to the same counterpart.

11. <u>Governing Law</u>.  This Agreement and any other documents referred to herein shall be governed by, construed and enforced in accordance with the laws of the State of Illinois.

12. <u>Dispute Resolution</u>.   The Parties agree that should any dispute arise concerning this Agreement the exclusive forum for the resolution of any such dispute shall be FINRA Dispute Resolution and the dispute will be subject to the rules to FINRA Customer Dispute rules.

13. <u>Severability</u>.  If for any reason any provision of this Agreement is determined to be invalid or unenforceable, the remaining provisions of this Agreement nevertheless shall be construed, performed, and enforced as if the invalidated or unenforceable provision had not been included in the text of the Agreement.

14. <u>Attorneys' Fees and Costs</u>.  Each Party shall bear its or his own attorneys' fees and/or costs incurred through the execution of this Agreement.

15. <u>Signatures</u>.  The Parties hereby signify their agreement to the above terms by their signatures below and represent that they have had the opportunity to consult with their respective advisors and/or attorneys prior to signing this Agreement.



By: _____
Zachary ███████, Investor

By: _____
Andrea ███████, Investor

By: _____
Jeffrey Scott Larson

Confidential Treatment Requested

NY-10154